UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Mohiadin Farah, Mohamed Dembri, Dahir Ali, and Liban Said<br><br>Plaintiffs,<br><br>v.<br><br>Central Parking System Of Massachusetts<br><br>Defendant. | Civ. A. No:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### Introduction

1.  Plaintiffs Mohiadin Farah, Mohamed Dembri, Dahir Ali, and Liban Said (collectively referred to as "Plaintiffs") bring this action to recover unpaid wages, including overtime wages, for work they performed for defendant Central Parking System of Massachusetts ("Central Parking"). During the time period discussed herein, Plaintiffs were misclassified as exempt employees and not paid for overtime hours worked. Every week for several years, Plaintiffs worked over forty hours per week and were never paid time and one-half their hourly rate for overtime work hours. Additionally, upon their termination, Plaintiffs were not compensated for travel expenses and cell phone charges accrued over a number of months prior to their termination. This amounts to unlawful deductions of their wages as well as a breach of contract. Central Parking knew that the law required the payment of overtime compensation and expenses to Plaintiffs and willfully disregarded their legal obligation to properly compensate Plaintiffs under the Federal Labor Standards Act

1

("FLSA") and Massachusetts Wage Statutes. Plaintiff seeks damages in an amount to be determined at trial, as well as other relief, for the conduct complained of herein.

### Jurisdiction and Venue

2. This Court has original subject matter jurisdiction over Count 1 pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§207 and 216(b).

3. Defendant regularly conducts business in this district, including owning and operating parking lots in this district where Plaintiffs were assigned to work and is therefore subject to personal jurisdiction here.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to the claim occurred here.

5. This Court has jurisdiction over Counts II, III, and IV pursuant to 28 U.S.C. §1367(a).

### Parties

6. Plaintiff Mohiadin Farah is a resident of Wellesley, Massachusetts.

7. Plaintiff Mohamed Dembri is a resident of Revere, Massachusetts.

8. Plaintiff Dahir Ali is a resident of Dorchester, Massachusetts.

9. Plaintiff Liban Said is a resident of North Andover, Massachusetts.

10. All Plaintiffs were employed by Central Parking and provided a W-2 form for tax purposes.

11. From January 2007 to March 2012 ("Relevant Time Period"), all Plaintiffs were employed as parking lot managers.

12. Central Parking System owns, operates and manages parking and related services in the Greater Boston area.

13. Defendant is a registered Corporation in the Commonwealth of Massachusetts and is an entity doing business throughout Massachusetts, and maintains an office located at 125 Lincoln Street, Suite 200, Boston, Massachusetts.

14. Defendant is an employer subject to the Massachusetts wage and hour laws (and administrative regulations interpreting those laws).

15. Defendant has regularly conducted business in this district during the Relevant Time Period.

16. During the Relevant Time Period, Defendant was an employer and an enterprise engaged in commerce as those terms are defined in the Fair Labor Standards Act, 29 U.S.C. § 203 (and administrative regulations interpreting the act).

17. During the Relevant Time Period, Defendant was also an employer subject to the Massachusetts Wage and Hour Laws (and administrative regulations interpreting those laws), specifically including the laws referenced in Counts II, III, and IV of this Complaint.

18. As a result, during the Relevant Time Period, Defendant was required to compensate Plaintiffs in accordance with the requirements imposed on employers by Massachusetts law and the Fair Labor Standards Act.

**Factual Allegations**

19. Plaintiff Said worked for Central Parking or one of its subsidiaries for twenty-two years, Plaintiff Dembri for fifteen years, Plaintiff Farah for fourteen years, and Plaintiff Ali for ten years.

20. Plaintiffs were initially hired as parking lot attendants or cashiers. Between 1999 and 2007 Plaintiffs' position titles were changed to Manager I. In this position, Plaintiffs'

reported to and were supervised by Operations Manager, Mohammad Warsame, who in turn was supervised by Chris Sekora General Manager.

21. Plaintiffs were terminated from their employment on March 20, 2012.

22. During their employment, Plaintiffs consistently work between 50-60 hours per week. They were paid a weekly salary for working five days per week regardless of the hours worked over five days. If they worked a sixth day, they were paid a per diem rate regardless of the number hours worked on the sixth day.

23. Plaintiffs were not paid time and one-half their hourly rate for hours worked over forty (40) in a work week. Instead, Plaintiffs received a weekly payment regardless of the overtime hours worked.

24. Based on their job duties and responsibilities, Plaintiffs were not overtime-exempt employees under the FLSA or Massachusetts law.

25. Plaintiffs oversaw the daily operations of multiple parking lots in the downtown Boston area. In this role, Plaintiffs had limited discretionary decision-making responsibilities. Plaintiffs were required to contact the Operations Manager, Human Resource Manager, or General Manager for guidance and direction on all customer service issues including payments, discounts, validation status or customer service concerns. Plaintiffs were not authorized to approve discounts, procure or cancel payment for any customers. Plaintiffs followed specific guidelines for opening and closing times of parking lots, and were not permitted to alter any of the Company's policies, standards or procedures at any of the parking lots. Plaintiffs had no ability to influence the parking lots productivity, profitability, revenue or expenses. All hiring or firing responsibilities, disciplinary action,

and rate of pay were directed and decided by the Operations Manager, General Manager and/or Human Resources Manager.

26. Rather, Plaintiffs daily work generally consisted of providing attendants with change at each parking lot location, parking and moving cars, collecting money and parking tickets from attendants, depositing monies at the bank, printing daily log reports and delivering logs of money and tickets collected to the corporate office, relieving attendants during meal breaks, delivering invoices to clients, communicating directives from Operations Manager to clients and staff, issuing parking passes, and communicating customer services questions and issues to the Operations Manager.

27. Plaintiffs completed a weekly time sheet in which they checked off the days worked. They were specifically instructed not to indicate on the time sheet the number of hours worked per day.

28. Plaintiffs used their own vehicles and cell phones in order to conduct business for the Defendant. On every workday, Plaintiffs were required to drive their vehicles from one parking location to another numerous times a day, sometimes more than twenty-five times in one day.

29. Plaintiffs were also required to use their personal cell phones in order to communicate with employees at other parking lot cites.

30. As part of their compensation, Plaintiffs were paid monthly an additional amount for travel and phone expenses.

31. Defendant failed to pay Plaintiffs for compensation owed to them for phone and travel expenses prior to the date of their termination.

## Count I – Fair Labor Standards Act

32. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-31 above.

33. By their conduct, as set for the herein, Defendants violated 29 U.S.C. §207(a) by failing to pay Plaintiffs overtime compensation at time and one-half their regular hourly rate for hours worked in excess of forty hours during a workweek.

34. Defendant's violation of 29 U.S.C. §207(a) w asrepeated, willful and intentional. Accordingly, a three year statute of limitations governs these claims pursuant to 29 U.S.C. §255(a).

35. Plaintiffs have been damage by said violations of 29 U.S.C. §207(a).

36. Pursuant to 29 U.S.C. §207(a) and §216(b), Defendants are liable to Plaintiff for the full amount of their unpaid overtime compensation, an additional equal amount as liquidated damages, prejudgment interest, and the cost and reasonable attorneys' fees incurred by Plaintiffs in bringing this action.

## Count II – Massachusetts Wage Act - Overtime

37. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-36 above.

38. Pursuant to M.G.L c. 149, § 150, the Massachusetts Attorney General has assented in writing to the commencement of this action.

39. By its conduct as set forth herein, Defendant violated M.G.L. c. 151, §§ 1A and 1B, by failing to pay Plaintiffs overtime compensation at time and one-half their regular hourly rate for all hours worked in excess of forty during any workweek.

40. The Defendant's violations of M.G.L. c. 151, §§ 1A and 1B, were repeated, willful and intentional.

41. Plaintiffs have been damaged by said violations of M.G.L. c. 151, §§ 1A and 1B. Pursuant to M.G.L. c. 151, §§ 1A and 1B, Defendant is liable to the Plaintiffs for treble damages, prejudgment interests, plus costs and reasonable attorneys' fees.

### Count III – Massachusetts Wage Act - Deductions

42. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1- 42 above.

43. Pursuant to M.G.L c. 149, § 150, the Massachusetts Attorney General has assented in writing to the commencement of this action.

44. By its conduct set forth herein, the Defendant violated M.G.L. c. 149, §148 by failing to pay Plaintiffs all wages earned within seven days of the termination of the pay period during which those wages were earned.

45. Defendant's violations of M.G.L. c. 149, § 148 were willful and intentional.

46. Plaintiffs have been damaged by said violation of M.G.L. c. 149, §148.

47. Pursuant to M.G.L. c. 149, § 150 and § 148, Defendant is liable for treble damages, prejudgment interest, plus costs and reasonable attorneys' fees.

### Count IV– Breach of Contract

48. Plaintiffs' re-allege and incorporate the allegations contained in paragraphs 1-47 above.

49. By its conduct set forth herein, the Defendant breached their contract with Plaintiffs by failing to pay Plaintiffs all wages and expenses earned within the required pay period during which those wages were earned and expenses were due.

50.     As a result of Defendant's breach of its promise to pay wages and expenses Plaintiffs incurred damages.

### Prayer for Relief

WHEREFORE, Plaintiffs respectfully requests that the Court:

I.      Determine the damages sustained by Plaintiffs as a result of Defendant's violation of the FLSA, 29 U.S.C. §§207 *et seq.*, and award those damages against the Defendant in favor of Plaintiffs, including liquidated damages, and prejudgment interest.

II.     Determine the damages sustained by Plaintiffs as a result of Defendant's violations of M.G.L. c. 151 §§ 1A and 1B, and award those damages against the Defendant and in favor of Plaintiffs, including treble damages and prejudgment interest.

III.    Determine the damages sustained by Plaintiffs as a result of Defendant's violations of M.G.L. c. 149, §148, and award those damages against the Defendant in favor of Plaintiffs, including treble damages and prejudgment interest.

IV.     Determine the damages sustained by Plaintiffs as a result of Defendant's breach of contract, and award those damages against the Defendant and in favor of Plaintiffs.

V.      Award Plaintiffs costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees and expenses.

VI.     Any other or further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE**.

By their Attorneys,

 /s/ Susanne Bines Hafer
Susanne Bines Hafer, Esq. (BBO # 674474)
Corinne Hood Greene, Esq, (BBO #654311)
Greene & Hafer, LLC
121 Main St.
Charlestown, MA 02129